BART M. DAVIS, ID STATE BAR NO. 2696
UNITED STATES ATTORNEY
**PETER L. WUCETICH, ID STATE BAR NO. 10557**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1414
Email: peter.wucetich@usdoj.gov

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT FOR CIVIL PENALTIES** |
| GEM AIR, LLC, an Idaho limited liability company, | |
| Defendant. | |

Plaintiff the United States of America hereby brings this Complaint against defendant Gem Air, LLC ("Gem Air") and alleges as follows:

## INTRODUCTION

1. This action is brought by the United States under 49 U.S.C. § 46301(a) to recover civil penalties in the sum of $55,500 from Gem Air for violating airworthiness directives, operating an aircraft without an approval for the aircraft's return to service, and for failing to keep a current status on all applicable airworthiness directives.

**COMPLAINT FOR CIVIL PENALTIES - 1**

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 49 U.S.C. §§ 46301(d)(4) and 46305, and 28 U.S.C. § 1345.

3. This Court has personal jurisdiction over Gem Air and venue is proper in this district under 49 U.S.C. § 46106 and 28 U.S.C. §§ 1391(b) and 1395 because Gem Air's principal place of business is in Salmon, Idaho, it regularly conducts business in Idaho, maintains its records and aircraft in Idaho, and can be found in Idaho.

## STATEMENT OF FACTS

4. Gem Air is now, and at all relevant times mentioned herein was, an Idaho limited liability company and is the holder of Air Carrier Certificate No. GAJA077E issued under 14 C.F.R. part 119, and conducts its operations pursuant to 14 C.F.R. part 135. Gem Air offers commuter flights between Salmon, Idaho and Boise, Idaho, as well as seasonal flights to McCall, Idaho and Stanley, Idaho.

5. A part 135 operator is one who operates as a direct air carrier with passengers on board for compensation or hire. In its October 2016 amendment to its Operations Specifications, Gem Air listed ten aircraft that it operates under part 135. Included in that list are:

   a. A Piper model PA31-350 with Civil Registration No. N80GV (the "Piper");
   b. A Quest Kodiak 100 with Civil Registration No. N838SA (the "Quest"); and
   c. A Cessna T206H with Civil Registration No. N376ME (the "Cessna").

6. As a part 135 operator, Gem Air is required to comply with Federal Aviation Administration ("FAA") Regulations. Those regulations contain record keeping requirements, a requirement that operators follow airworthiness directives, and protocols for returning an aircraft to service, among other things. For instance, pursuant to 14 C.F.R. § 91.407(a), "[n]o person may operate any aircraft that has undergone maintenance, preventative maintenance, rebuilding,

**COMPLAINT FOR CIVIL PENALTIES - 2**

or alteration unless – (1) It has been approved for return to service by [authorized personnel], and (2) The maintenance record entry required by § 43.9 or § 43.11, as applicable, has been made."

7. The FAA issues airworthiness directives when an unsafe condition is found to exist in a product and the condition is likely to exist or develop in other products of the same type design. It is common for airworthiness directives to require inspections of aircraft systems, parts, and equipment after a specified number of hours of use. For example, AD 2013-10-04 requires a repetitive inspection of the engine exhaust system in intervals not to exceed the sooner of 60 hours of use or 6 months.

8. Between March 21 and 23, 2017, inspectors from the FAA conducted a review of maintenance records for the above-referenced Gem Air aircraft. The inspection revealed that Gem Air had overflown airworthiness directives, operated an aircraft without an approval for the aircraft's return to service, and failed to keep a current status on all applicable airworthiness directives.

9. In light of such findings, the FAA sent Gem Air a civil penalty letter on October 10, 2017 proposing a civil penalty of $72,400. After considering Gem Air's response to certain of the findings, the FAA withdrew certain penalties. The FAA believes the appropriate civil penalty is $55,000. However, Gem Air has indicated that it is unwilling to pay a civil penalty.

## FIRST CLAIM FOR RELIEF

**(Violations of Airworthiness Directives and 14 C.F.R. §§ 39.7 and 135.25(a)(2) Relating To The Piper)**

10. The United States re-alleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 9 above as if fully set forth herein.

**COMPLAINT FOR CIVIL PENALTIES - 3**

11.     AD 2013-10-04, which became effective on July 17, 2013, applies to all Piper Aircraft models, including Piper PA-31-350 aircraft.

12.     AD 2013-10-04 requires a repetitive inspection of the engine exhaust system in intervals not to exceed the sooner of 60 hours of use or 6 months.

13.     On December 20, 2016, Gem Air maintenance personnel performed the AD 2013-10-04 inspection on both Engine #1 and Engine #2 of the Piper at 369.3 hours total time engine.

14.     On March 27, 2017, Gem Air maintenance personnel performed the AD 2013-10-04 inspection on both engines of the Piper at 665.40 hours total time engine, which is 296.1 hours since the previous record entry.  Based on these maintenance records, the inspection appears to be 236.1 hours beyond the required inspection time.

15.     Pursuant to 14 C.F.R. § 39.7, "[a]nyone who operates a product that does not meet the requirements of an applicable airworthiness directive is in violation of this section."

16.     Pursuant to 14 C.F.R. § 135.25(a)(2), "[e]xcept as provided in paragraph (d) of this section, no certificate holder may operate an aircraft under this part unless that aircraft -- . . . [i]s in an airworthy condition and meets applicable airworthiness requirements of this chapter, including those relating to identification and equipment."

17.     Pursuant to 49 U.S.C. § 46301(a)(2), "[a] separate violation occurs under this subsection . . . for each flight involving the violation."  In light of such, a separate civil penalty could be assessed for each of Gem Air's flights during the 236.1 hours of overflight.  However, the United States requests that only two civil penalties of $12,800 be assessed for these violations for a total penalty of $25,600.

**COMPLAINT FOR CIVIL PENALTIES - 4**

## SECOND CLAIM FOR RELIEF

### (Violations of Airworthiness Directives and 14 C.F.R. §§ 39.7 and 135.25(a)(2)

### Relating To The Quest)

18. The United States re-alleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 17 above as if fully set forth herein.

19. The Quest has a serial number of 100-0002.

20. AD 2016-06-06, which became effective on April 22, 2016, applies to all Quest Kodiak 100 airplanes with all serial numbers 100-0001 through 100-0149 which are certified in any category. It requires repetitive inspection of the cushion edging of the elevator control anti-rotation guide slot at intervals not to exceed 50 hours time in service.

21. On January 9, 2017, Gem Air maintenance personnel performed the inspection required by AD 2016-06-06 when the Quest had a total time airframe of 2216.8 hours.

22. On February 8, 2017, Gem Air maintenance personnel again performed the AD 2016-06-06 inspection when the Quest had a total time airframe of 2273.2, which was 56.4 hours since the previous inspection.

23. On March 6, 2017, Gem Air maintenance personnel performed the AD 2016-06-06 inspection when the Quest had a total time airframe of 2341.0 hours, which was 67.8 hours since the previous inspection.

24. Between January 9, 2017, and February 8, 2017, Gem Air operated the Quest for 6.4 hours beyond the required inspection per AD 2016-06-06.

25. Between February 8, 2017, and March 6, 2017, Gem Air operated the Quest for 17.8 hours beyond the required inspection per AD 2016-06-06.

**COMPLAINT FOR CIVIL PENALTIES - 5**

26. Pursuant to 14 C.F.R. § 39.7, "[a]nyone who operates a product that does not meet the requirements of an applicable airworthiness directive is in violation of this section."

27. Pursuant to 14 C.F.R. § 135.25(a)(2), "[e]xcept as provided in paragraph (d) of this section, no certificate holder may operate an aircraft under this part unless that aircraft -- . . . [i]s in an airworthy condition and meets applicable airworthiness requirements of this chapter, including those relating to identification and equipment."

28. The United States requests a civil penalty for each of these violations in the amount of $8,000 for a total civil penalty for these violations in the amount of $16,000.

## THIRD CLAIM FOR RELIEF

### (Violations of 14 C.F.R. § 91.417(a)(2)(v))

29. The United States re-alleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 28 above as if fully set forth herein.

30. Pursuant to 14 C.F.R. § 91.417(a)(2)(v), Gem Air was supposed to maintain "[r]ecords containing the following information: . . . [t]he current status of applicable airworthiness directives (AD) and safety directives including, for each, the method of compliance, the AD or safety directive number and revision date.  If the AD or safety directive involves recurring action, the time and date when the next action is required."

31. Gem Air failed to keep a record of the current status of all applicable airworthiness directives for the Piper.  In particular, Gem Air did not include AD 2013-10-04 in the list of applicable airworthiness directives for the Piper.

32. The United States requests a civil penalty for this violation in the amount of $7,100.

**COMPLAINT FOR CIVIL PENALTIES - 6**

## FOURTH CLAIM FOR RELIEF

## (Violations of 14 C.F.R. §§ 91.405(b) and 91.407(a))

33. The United States re-alleges and incorporates by reference each of the allegations set forth in Paragraphs 1 through 32 above as if fully set forth herein.

34. The Cessna has a Lycoming TIO-540-AJ1A engine.

35. AD 2015-19-07, which became effective on November 3, 2015, applies to Lycoming engines, including Lycoming TIO-540-AJ1A engines. It requires repetitive inspection of the externally mounted fuel injector lines each 110 hours time in service and after each engine overhaul.

36. On August 21, 2016, Karlton Wilson, who was Gem Air's Director of Maintenance, indicated compliance with the inspection requirements of AD 2015-19-07 on a maintenance work card. However, Wilson did not approve the Cessna for a return to service on August 21, 2016. Instead, Wilson did not approve the Cessna for a return to service until August 31, 2016.

37. Between August 21, 2016, and August 31, 2016, Gem Air operated the Cessna for 8.7 hours without an approval for return to service.

38. Pursuant to 14 C.F.R. § 91.405(b), "[e]ach owner or operator of aircraft – . . . [s]hall ensure that maintenance personnel make appropriate entries in the aircraft maintenance records indicating that the aircraft has been approved for return to service."

39. Pursuant to 14 C.F.R. § 91.407(a), "[n]o person may operate any aircraft that has undergone maintenance, preventive maintenance, rebuilding, or alteration unless – (1) It has been approved for return to service by a person authorized under § 43.9, and (2) The

**COMPLAINT FOR CIVIL PENALTIES - 7**

maintenance record entry required by § 43.9 or § 43.11, as applicable, of this chapter has been made."

40.     Gem Air violated 14 C.F.R. §§ 91.405(b) and 91.407(a) by operating the Cessna between August 21 and August 31, 2016 without an approval for return to service.

41.     The United States requests a civil penalty for Gem Air's operation of the Cessna without an approval for return to service in the amount of $6,800.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that judgment be entered in its favor and against Gem Air as follows:

1.  That a judgment be entered on behalf of the United States and against Gem Air in the sum of $55,500.00;

2.  That the United States be awarded its costs;

3.  That the United States be awarded post-judgement interest; and

4.  For such other relief as the Court deems just, equitable, or proper.

Respectfully submitted this 10th day of April, 2019.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*/s/ Peter L. Wucetich*
PETER L. WUCETICH
Assistant United States Attorney

**COMPLAINT FOR CIVIL PENALTIES - 8**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44   (Rev. 02/19)                                                                     CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
             THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
         Plaintiff
- ☐ 2   U.S. Government
         Defendant
- ☐ 3   Federal Question
         *(U.S. Government Not a Party)*
- ☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                                   and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                                      DOCKET NUMBER

DATE                                                          SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                   AMOUNT                              APPLYING IFP                                   JUDGE                                MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.  **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.